JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, David Cate, appeals the trial court's imposition of consecutive sentences and its judgment finding him to be a sexual predator. Cate contends that he did not receive adequate notice of the sexual offender classification hearing, his stipulation to sexual predator status was not knowingly, voluntarily and intelligently made, and the trial court erred in imposing consecutive sentences. Finding no merit to Cate's appeal, we affirm.
 {¶ 2} The record reflects that in November 2002, the Cuyahoga County Grand Jury indicted Cate on three counts of attempted kidnapping, in violation of R.C. 2923.02/2905.01; three counts of importuning, in violation of R.C. 2907.07(c); three counts of gross sexual imposition, in violation of R.C. 2907.05; five counts of illegal use of a minor in nudity-oriented material, in violation of R.C. 2907.323; and one count of possession of criminal tools, in violation of R.C. 2923.24.
 {¶ 3} The indictments stemmed from Cate's possession of child pornography, as well as several incidents where, while driving a van or car, he would approach young girls who were walking down the street and make sexual comments and gestures to them or attempt to expose himself to them. In another incident, he examined the genitals of his seven-year-old stepdaughter.
 {¶ 4} Cate subsequently pled guilty to three counts of importuning, two counts of gross sexual imposition, one count of illegal use of a minor in nudity-oriented material, and one count of possession of criminal tools. The remaining counts were nolled. As part of his plea, Cate stipulated that there was a factual basis for the court to classify him as a sexual predator.
 {¶ 5} After taking Cate's plea, the trial judge informed him that the court would refer the matter to the probation department for a presentence investigation and to the court psychiatric clinic for an evaluation relative to his sexual predator status. The trial judge also told him:
 {¶ 6} "The Court is going to set this case for sentencing on April 25, '03 at 10:30 a.m., and at that time I'll take up the issue of sentencing and the sexual predator hearing."
 {¶ 7} At the subsequent sentencing and sexual offender classification hearing, the trial court determined that Cate is a sexual predator. The trial court sentenced him to six months incarceration each on counts two, four, and six, consecutive; two years incarceration on count seven and one year on count eight, consecutive; and six months incarceration each on counts ten and fifteen, to be served concurrently but consecutive to the other counts, for a total of five years incarceration.
 {¶ 8} Cate has presented three assignments of error for our review.
 NOTIFICATION OF SEXUAL OFFENDER CLASSIFICATION HEARING {¶ 9} R.C. 2950.09(B)(2) provides that the judge who is to conduct a sexual offender classification hearing "shall give the offender * * * and the prosecutor who prosecuted the offender * * * for the sexually oriented offense notice of the date, time, and location of the hearing."
 {¶ 10} In his first assignment of error, Cate contends that the trial court failed to provide him with notice of the date, time, and location of his hearing prior to conducting the hearing and, therefore, the judgment finding him to be a sexual predator should be vacated and the matter remanded for a new hearing. We find this argument specious.
 {¶ 11} The record reflects that at the plea hearing, the trial court expressly asked Cate:
 {¶ 12} "Further, because of the nature of the charges here, do you understand that the Court will be required to hold a hearing to determine whether you are a sexual predator or a habitual sex offender or a sexually oriented offender? Do you understand that?"
 {¶ 13} Cate responded, "Yes, Your Honor."
 {¶ 14} Later, in the same hearing, the trial court told Cate exactly when the sexual predator classification hearing would be held:
 {¶ 15} "The Court is going to set this case for sentencing on April 25, '03 at 10:30 a.m., and at that time I'll take up the issue of sentencing and the sexual predator hearing. So ordered."
 {¶ 16} Cate contends, however, that pursuant to State v.Gowdy (2000), 88 Ohio St.3d 387, this notification of the date, time and place of the sexual offender classification hearing was insufficient. This case is not like Gowdy, however. In Gowdy, when the defendant and his counsel were present for sentencing, trial counsel moved to withdraw because the defendant was unhappy with her representation. The court denied the motion and proceeded to a sexual offender classification hearing, even though the trial court had not advised defendant, as required by R.C. 2950.09(B), that the sexual offender classification hearing would be held at that time.
 {¶ 17} Finding that the notice requirement for sexual offender classification hearings under R.C. 2950.09(B) is mandatory, the Ohio Supreme Court vacated the defendant's sexual predator classification. The Supreme Court explained:
 {¶ 18} "Defendant received no notice of the hearing, eitherorally or in writing. Clearly, defendant did not receive that which was due to him under the statute. Trial counsel did her best to represent defendant at the sexual offender classification hearing within the constraints upon her; however, we find that it is imperative that counsel have time to adequately prepare for the hearing." Id. at 398. (Emphasis added.)
 {¶ 19} In this case, however, it is apparent that Cate received oral notice of the date, time and location of the sexual offender classification hearing. Moreover, contrary to his argument that the trial court's language in announcing the hearing was unclear, it is apparent that Cate and his counsel understood the trial court's statement that it would "take up * * * the sexual predator hearing" on April 25 to mean that the court would conduct a sexual offender classification hearing on that date. The record reflects that both Cate and his counsel were present on that date, ready to proceed. Neither he nor his counsel made any objection to the hearing proceeding on that date. On these facts, we interpret counsel's failure to raise the issue of notice at the hearing as indication that Cate and his counsel received adequate notice of the date, time and location of the hearing.
 {¶ 20} We hold that the trial court's oral notification of the date, time and place of the sexual offender classification hearing was adequate to satisfy the mandatory notice requirements of R.C. 2959.09(B). Accordingly, Cate's first assignment of error is overruled.
 CATE'S STIPULATION TO SEXUAL PREDATOR CLASSIFICATION {¶ 21} In his second assignment of error, Cate argues that his stipulation to sexual predator classification was not knowingly, voluntarily and intelligently made and, therefore, the classification should be vacated and remanded for a new hearing. This argument is likewise without merit.
 {¶ 22} Cate cites State v. McKinniss, Crawford App. No. 3-2000-23, 2001-Ohio-2346, for the proposition that there is no logical reason or incentive for an offender to stipulate to being found a sexual predator and, therefore, a trial court must conduct a colloquy with the defendant regarding whether he or she understands the consequences of his or her stipulation prior to accepting it. According to Cate, because the trial court in this case did not question him regarding his willingness to stipulate to sexual predator status or his understanding of the consequences of the stipulation, there is nothing in the record to demonstrate that his stipulation was knowingly, voluntarily or intelligently made and, therefore, it should be vacated.
 {¶ 23} This case is very different from McKinniss, however. In McKinniss, the defendant stipulated to sexual predator status and then, without holding a hearing, the trial court found the defendant to be a sexual predator. On appeal, the Third District Court of Appeals found that despite the stipulation, the trial court was required to review the factors delineated in R.C.2950.09(B)(2) and inquire into any facts that would support the conclusion that the offender was a sexual predator. It is apparent, however, that in reaching this conclusion, theMcKinniss court was concerned that the defendant's allegations that he was misled as to the sexual offender status to which he was stipulating were true. McKinniss claimed that his attorney told him that he was stipulating to a finding that he would be classified as a sexual offender and that the court simply misspoke when it declared him a sexual predator and that the mistake would be corrected. The defendant also claimed that he had not received any notice of the hearing until he met with his attorney 15 minutes prior to the hearing.
 {¶ 24} We have no similar concerns in this case. First, as discussed above, Cate received adequate notice of the date, time and place of the hearing. Moreover, unlike McKinniss, the record demonstrates that Cate understood the ramifications of the sexual predator classification to which he was stipulating.
 {¶ 25} "The Court: Further, because of the nature of the charges, here, do you understand that the Court will be required to hold a hearing to determine whether you are a sexual predator or a habitual sex offender or a sexually oriented offender? Do you understand that?
 {¶ 26} "The Defendant: Yes, Your Honor.
 {¶ 27} "The Court: Do you understand that if the Court finds you to fall into one or more of these categories then you will be required to appear in person to register your name and resident address with the county sheriff as being such a designated sex offender? Do you understand that?
 {¶ 28} "The Defendant: Yes, Your Honor.
 {¶ 29} "The Court: Do you understand that these registration requirements would be required of you for ten years, 20 years or for the rest of your life depending on which type of offender you are determined to be? You understand that?
 {¶ 30} "The Defendant: Yes, Your Honor.
 {¶ 31} "The Court: You further understand it has been stipulated between your attorney and the prosecutor in this case at the hearing at sentencing that there will be a stipulation that you will be a sexual predator which means you'll be required to report for the rest of your life? Do you understand that?
 {¶ 32} "The Defendant: Yes, Your Honor.
 {¶ 33} "The Court: Do you understand that this registration requires you to notify the county sheriff of any change in resident address seven days in advance, and even if you do not move, you must continue to periodically appear at the sheriff's office and verify your address. Do you understand that?
 {¶ 34} "The Defendant: Yes, Your Honor.
 {¶ 35} "The Court: Do you understand further that a failure to register or verify your resident address or notify an address change will result in additional criminal charges being lodged against you? Do you understand that?
 {¶ 36} "The Defendant: Yes, Your Honor.
 {¶ 37} The trial judge then questioned Cate about the voluntariness of his plea, which included his stipulation to sexual predator status.
 {¶ 38} "The Court: Did anyone make any threats or promises to get you to plead guilty other than what has been stated her in open court and on the record?
 {¶ 39} "The Defendant: No, Your Honor.
 {¶ 40} "The Court: Are you making this plea freely and voluntarily of your own free will and best judgment?
 {¶ 41} "The Defendant: Yes, Your Honor.
 {¶ 42} "The Court: Do you have any questions about anything that I have said or the prosecutor stated or that your own attorney has stated?
 {¶ 43} "The Defendant: Not at this time, Your Honor."
 {¶ 44} At no time did Cate indicate that he did not understand the rights he was waiving or the implications of his stipulation to sexual predator status. On this record, it is apparent that Cate's stipulation was knowingly, voluntarily and intelligently made.
 {¶ 45} Moreover, despite Cate's stipulation to sexual predator status, and unlike the McKinniss case, the trial judge held a House Bill 180 hearing and reviewed the R.C. 2950.09(B)(3) factors to ensure an accurate classification. As the record makes clear, the trial court's decision finding Cate to be a sexual predator was based on many factors, none of which included his stipulation. In determining that Cate was a sexual predator, the trial judge first noted that he had reviewed the presentence investigation report and the sexual predator evaluation completed by the court psychiatric clinic. In addition, the trial court admitted the statement given by Cate to the police shortly after his arrest. The trial judge then stated:
 {¶ 46} "The Court: All right. The Court, as I indicated, having reviewed the entire matter, and taking into consideration the following factors; that the defendant is an adult male some 37 years of age, that the offender does have a prior criminal record for a similar type of offense; that the ages of the victims here are all juveniles, including the gross sexual imposition of his stepdaughter, who was seven years of age; that the offenses did involve multiple victims, in fact, four separate victims; that the defendant did not use drugs or alcohol to impair the victims' resistance; that the defendant has not completed any prior programs for sexual offenses; that there are no mental illness or disabilities of the defendant; that the nature of the defendant's sexual activity here with the victims, in this Court's opinion, does demonstrate a pattern of sexual abuse; there is no threatening of any cruelty here; and that the general behavioral characteristics of the defendant and the conduct that he performs here by way of history and plea demonstrates to the Court, by clear and convincing evidence, that the defendant is likely to commit another sex offense in the future; and the Court, therefore, finds that the defendant here is a sexual predator and will so classify him at this time."
 {¶ 47} Thus, it is apparent from the record that the trial court determined that Cate was a sexual predator based on the evidence presented to it and independent of Cate's stipulation.
 {¶ 48} Appellant's second assignment of error is therefore overruled.
 CONSECUTIVE SENTENCES {¶ 49} In his third assignment of error, Cate contends that the trial court erred in sentencing him to consecutive sentences.
 {¶ 50} R.C. 2929.14(E)(4) governs the imposition of consecutive sentences. It provides that a court may impose consecutive sentences only when it concludes that the sentence is: 1) necessary to protect the public from future crime or to punish the offender; 2) not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and 3) one of the following applies: a) the offender committed the offenses while awaiting trial or sentencing, under sanction or under post-release control; b) the harm caused by the multiple offenses was so great or unusual that a single prison term would not adequately reflect the seriousness of his offense; or c) the offender's criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime.
 {¶ 51} In addition to the three findings required by R.C.2929.14(E)(4), R.C. 2929.19(B)(2) requires that the trial court give its reasons for imposing consecutive sentences. Failure to sufficiently state these reasons on the record constitutes reversible error. State v. Parker, Cuyahoga App. No. 81938, 2003-Ohio-3253, ¶ 44.
 {¶ 52} Here, the trial court specifically found that consecutive sentences were "necessary to protect the public and necessary to punish the defendant, and that the terms that I will put forward here are not disproportionate to the seriousness of the defendant's conduct and the danger that he poses to the public." In addition, the trial court found that "the harm was so great that no single prison term would adequately reflect the seriousness of his conduct." As reasons for these findings, the trial court reviewed Cate's offenses and noted that his offenses, committed during daylight hours and on the streets of neighborhoods where "innocent girls" and their parents believed they were safe, undoubtedly had a "traumatic effect" on the children and their parents. In addition, the trial judge noted that Cate had violated his own stepdaughter. Finally, the trial court noted that these were not Cate's first offenses of this kind and he had been previously advised to get treatment, but did not do so.
 {¶ 53} On this record, we hold that the trial court made the necessary statutory findings and sufficiently gave its reasons for those findings to impose consecutive sentences.
 {¶ 54} Appellant's third assignment of error is overruled.
 {¶ 55} The judgment is affirmed.
Judgment affirmed.
Kilbane, P.J., and Rocco, J., concur.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.