JOURNAL ENTRY and OPINION
{¶ 1} On January 13, 1988, William E. Bruton, defendant-appellant, pled guilty to felonious assault, sexual battery and attempted rape. On March 29, 2005, after holding a hearing, the trial court labeled him a sexual predator. Appellant now appeals the label. For the reasons that follow, we affirm.
 {¶ 2} R.C. 2950.01(E) defines a sexual predator as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses."
 {¶ 3} R.C. 2950.09(B)(3) provides the factors which a trial court must consider in making a determination as to whether an offender is a sexual predator. It provides that the judge shall consider all relevant factors, including, but not limited to, all of the following:
 {¶ 4} "(a) The offender's or delinquent child's age; (b) The offender's or delinquent child's prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses; (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made; (d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims; (e) Whether the offender or delinquent child used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting; (f) If the offender or delinquent child previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be, a criminal offense, whether the offender or delinquent child completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or sexually oriented offense, whether the offender or delinquent child participated in available programs for sexual offenders; (g) Any mental illness or mental disability of the offender or delinquent child; (h) The nature of the offender's or delinquent child's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, or interaction in a sexual context was part of a demonstrated pattern of abuse; (i) Whether the offender or delinquent child, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty; (j) Any additional behavioral characteristics that contribute to the offender's or delinquent child's conduct."
 {¶ 5} R.C. 2950.09(B)(3) does not require that each factor be met; rather, it simply requires the trial court consider those factors that are relevant. State v. Ferrell (Mar. 18, 1999), Cuyahoga App. No. 72732.
 {¶ 6} Considering the relevant factors, the court is required to determine whether the offender is a sexual predator by clear and convincing evidence. R.C. 2950.09(B)(4). The standard of "clear and convincing evidence" is the measure or degree of proof that is more than a mere "preponderance of the evidence" but not to the extent of such certainty as is required "beyond a reasonable doubt" in most criminal cases. See Ferrell, supra, citing, State v. Schiebel (1990), 55 Ohio St.3d 71, 74,564 N.E.2d 54. In reviewing a trial court's decision based upon clear and convincing evidence, an appellate court must examine the record to determine whether sufficient evidence exists to satisfy the requisite degree of proof. Schiebel at 74.
 {¶ 7} In this case, appellant declined to participate in an evaluation by the court's psychiatric clinic and, hence, the trial court relied upon appellant's institutional record, which was admitted into evidence. In labeling appellant a sexual predator, the court found several of the R.C. 2950.03(B)(3) factors relevant. The court found that appellant had prior convictions for sexually oriented offenses that spanned over a long period of time. In particular, appellant was convicted in 1973 of contributing to the delinquency of a minor. In 1980, appellant was convicted of sexual battery and rape. Those 1980 convictions were the result of appellant and a friend repeatedly raping the victim. The instant felonious assault, sexual battery and attempted rape convictions were the result of appellant attacking the victim after a verbal exchange regarding sex.
 {¶ 8} Further, the court found that there were multiple victims at different times and that appellant acted violently toward his victims. Moreover, at the time of the instant offense, appellant was under community control sanctions.
 {¶ 9} Upon review, we find that the trial court had sufficient evidence before it to satisfy the clear and convincing evidence standard in labeling appellant a sexual predator. We are not persuaded by appellant's argument that the court based its finding on "stale conviction data." Pursuant to R.C.2950.09(B)(3)(b), the trial court had to consider appellant's prior criminal record, including all sexual offenses. In addition to appellant's prior convictions, the trial court also relied on other factors in adjudicating appellant a sexual predator: appellant's sexual conduct was against multiple victims, toward whom he acted violently and the instant offense occurred while appellant was under community control sanctions. Further, the court considered the programs appellant completed while incarcerated, but noted that his failure to participate in the psychological evaluation left the court without any current information about the likelihood of recidivism.
 {¶ 10} Accordingly, we find appellant's sole assignment of error to be without merit and affirm the judgment of the trial court.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., P.J. and Karpinski, J., concur.