[Cite as *State v. S.E.*, 2014-Ohio-413.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 13AP-325 |
| | | (C.P.C. No. 12CR-07-3378) |
| S. E., | : | |
| | | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on February 6, 2014

*Ron O'Brien*, Prosecuting Attorney, and *Laura R. Swisher*, for appellee.

*Yeura Venters*, Public Defender, and *Timothy E. Pierce*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

T. BRYANT, J.

{¶1} Defendant-appellant, S.E. ("appellant"), appeals from a judgment of the Franklin County Court of Common Pleas sentencing him to a total of 22 years for 4 counts of rape and finding him to be a sexual predator. For the following reasons, we affirm.

{¶2} On July 6, 2012, appellant was indicted on 23 counts, including 13 counts of rape, felonies of the first degree, in violation of R.C. 2907.02, 8 counts of sexual battery, four of which were felonies of the second degree, and four of which were felonies of the third degree, in violation of R.C. 2907.03, and 2 counts of gross sexual imposition, a felony of the third degree and a felony of the fourth degree, in violation of R.C. 2907.05. The victims were appellant's daughters. He began assaulting one at the

age of 10 and it continued until she was 16, and he began assaulting the other when she was 7 or 8 and it continued until she was 13 years old.  (Tr. 4-5.)

{¶3}    On March 20, 2013, appellant entered a guilty plea to four counts of rape, felonies of the first degree, stipulated violations of R.C. 2907.02(A)(2).  The trial court found appellant guilty.  The rapes for which he was convicted occurred in 2002 and 2003, prior to 2008, and the trial court sentenced him according to Megan's Law, not the Adam Walsh registration requirements.  The parties jointly recommended that the trial court impose an aggregate 22-year prison sentence.  The trial court conducted a sexual predator hearing and concluded that appellant was a sexual predator.  The trial court then imposed the jointly recommended sentence of 10 years as to Count 1 of the indictment, 7 years as to Count 2 of the indictment, 5 years as to Count 3 of the indictment, and 9 years as to Count 21 of the indictment.  Counts 1, 2 and 3 to be served consecutively with each other, but concurrently with Count 21 of the indictment, for a total of 22 years.  A nolle prosequi was entered as to the remaining counts.

{¶4}    Appellant filed a notice of appeal and raised the following assignment of error:

> The lower court's determination that Appellant meets the criteria for sexual predator status is not supported by the weight of the evidence.

{¶5}    By his assignment of error, appellant contends the trial court did not evaluate the evidence consistent with R.C. 2950.09(B)(3) and 2950.01(E)(1) and the determination that he is a sexual predator is not supported by the evidence.

{¶6}    H.B. No. 180, better known as "Megan's Law" was the version of R.C. Chapter 2950 in effect from 1997 until 2008.  Megan's Law divided sex offenders into three categories, sexually oriented offenders, habitual sex offenders, and sexual predators. *State v. Cook*, 83 Ohio St.3d 404, 407 (1998).  The trial court holds a hearing to determine if an offender is a sexual predator.  The state must prove that an offender is a sexual predator by clear and convincing evidence.  Former R.C. 2950.09(B)(4); *State v. Wilson*, 113 Ohio St.3d 382, 385, 2007-Ohio-2202.  "[T]he state must prove by clear and convincing evidence that the offender has been convicted of a sexually oriented offense and that the offender is likely to engage in the future in one or more sexually oriented offenses.  [Former] R.C. 2950.01(E) and [former] 2950.09(B)(3)."  *State v.*

*Eppinger*, 91 Ohio St.3d 158, 163 (2001). Clear and convincing evidence is evidence that "will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶7}   An appellate court reviews a trial court's determination in a sex offender classification hearing "under a civil manifest-weight-of-the-evidence standard and [the trial court's determination] may not be disturbed when the judge's findings are supported by some competent, credible evidence." W*ilson* at syllabus.  The civil weight of the evidence standard permits more deference to the lower court than does a criminal manifest weight of the evidence standard.  *See id.* at 388.

{¶8}   Former R.C. 2950.01(E)(1) provided that a "[s]exual predator" means a "person has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses."

{¶9}   The trial court must examine several factors in making this determination. Former R.C. 2950.09(B)(3) provided, as follows:

> In making a determination * * * as to whether an offender * * * is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
>
> (a) The offender's * * * age;
>
> (b) The offender's * * * prior criminal * * * record regarding all offenses, including, but not limited to, all sexual offenses;
>
> (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed * * *;
>
> (d) Whether the sexually oriented offense for which sentence is to be imposed * * * involved multiple victims;
>
> (e) Whether the offender * * * used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
>
> (f) If the offender * * * previously has been convicted of or pleaded guilty to, * * * [any] criminal offense, whether the offender * * * completed any sentence * * * imposed for the prior offense * * * and, if the prior offense * * * was a sex

offense or a sexually oriented offense, whether the offender * * * participated in available programs for sexual offenders;

(g) Any mental illness or mental disability of the offender * * *;

(h) The nature of the offender's * * * sexual conduct, sexual contact, or interaction in a sexual context * * * was part of a demonstrated pattern of abuse;

(i) Whether the offender * * *, during the commission of the sexually oriented offense for which sentence is to be imposed * * *, displayed cruelty or made one or more threats of cruelty;

(j) Any additional behavioral characteristics that contribute to the offender's * * * conduct.

{¶10} In making a sex offender classification determination, the trial court must consider all relevant factors. *Cook* at 407. In applying the factors, the court should "consider the relevance, application, and persuasiveness of individual circumstances on a case-by-case basis." *State v. Robertson*, 147 Ohio App.3d 94, ¶ 20 (3d Dist.2002). However, there is no requisite number of the factors the court must apply before finding a defendant to be a sexual predator and "a court has discretion to determine what weight, if any, it will assign to each factor." *Wilson* at ¶ 19, and *State v. Croft*, 10th Dist. No. 07AP-563, 2007-Ohio-7013, ¶ 10, citing *State v. Vance* 10th Dist. No. 06AP-1016, 2007-Ohio-4407, ¶ 96. Even one or two factors are sufficient as long as the evidence of likely recidivism is clear and convincing. *State v. Chapmyn*, 10th Dist. No. 07AP-300, 2007-Ohio-6538.

{¶11} At the hearing, the state requested a higher level of classification due to several factors, including the young age of the victims, the length of time that the offenses occurred, appellant's age, his misdemeanor theft offense, and the position of trust he violated with his daughters. The state contended these factors indicated that appellant was likely to reoffend. (Tr. 13-14.) The defense argued that a higher level of classification was not proper because the counts he pled guilty to did not include age of the victims; appellant was using drugs and alcohol at the time of the offenses; appellant

has a mental illness for which he is now being medicated; appellant does not have any prior sexual oriented offenses; and the offenses are more than ten years old.   (Tr. 14-15.)

{¶12}  The trial court observed the factors he was to consider and the standard he was to apply and stated the basis for his determination, as follows:

> The court does note that the offender was an adult at the time.  Any youthful impulse does not apply.  The court is not applying anything regarding the offender's prior record as set forth in (b).
>
> Court is concerned and taken in consideration the age of the victims at the time, which were very young.  And also there's involvement of multiple victims, which is a factor considering under (d).
>
> I don't know that there's any evidence that (e) would apply where the offender used alcohol to prevent or assist in committing those offenses.   I don't think there's been allegations of that.  Court's not considering that.  Defendant's not been previously convicted of these types of offenses either.
>
> Whether there's some evidence of the defendant's prior mental illness or not, given his age when these events took place, I don't see how that mitigates the conduct in this particular case.
>
> I think what's very important to me as well, I had already noted that and have used it.  I think what's relevant under (j) is the relationship.  This is where these situations become so troublesome.  When a person not—they're all bad.  Anybody who's a victim of these is scarred and has problems that they're going to have to deal with.  But when it involves a person in this relationship a parental not only creates the victimization of the sexual assault but it draws into question that person who can they trust.  If they can't trust their parents, who can they trust?
>
> So given all those factors and the ones that the court thinks do apply, * * * the court is convinced by clear and convincing evidence that the defendant should be classified as a sexual predator.

(Tr. 16-18.)

{¶13} Appellant argues that the trial court was prompted by considerations other than his likelihood to commit future sexually oriented offenses and failed to consider relevant factors that arguably demonstrated a reduced likelihood of appellant re-offending, such as (b), (e), (h) and (i).

{¶14} The trial court's entry and the transcript both reflect the trial court's consideration of the requisite factors. The trial court gave more weight to certain factors and appellant argues that the ones that did not receive as much weight were not considered. However, the transcript reflects that the trial court considered all R.C. 2950.09(B)(3) factors. The trial court was persuaded by the facts that appellant committed multiple crimes against two young child victims over several years. The trial court stated it found significant, appellant's age, the age of the victims, multiple victims, the fact that the victims were appellant's daughters and, as their father, appellant was in a position of trust.

{¶15} The trial court discussed all the factors, although it found some of them irrelevant. Because the trial court attributed less weight to certain factors, appellant argues that the trial court did not consider them. The trial court's language contributes to this argument because he used a phrase such as, "I don't know that there's any evidence that (e) would apply where the offender used alcohol to prevent or assist in committing those offenses. * * * Court's not considering that." (Tr. 17.) Simply because the court used the phrase "not considering," appellant argues that the trial court did not consider at all. However, in context, it is clear that the trial court did consider all the factors, but simply attributed more weight to some factors, which it clearly stated and found some factors irrelevant.

{¶16} The trial court stated the factors it found significant, such as, the age of the victims, multiple victims, the fact that the victims were appellant's daughters and, as their father, appellant was in a position of trust. The age of the victim is probative because it serves a telling indicator of the offender's inability to refrain from such illegal conduct. We have previously stated in *State v. Daniels*, 10th Dist. No. 97APA06-830 (1998), *aff'd*, 84 Ohio St.3d 12:

> The age of the victim is probative because it serves as a telling indicator of the depths of offender's inability to refrain from such illegal conduct. The sexual molestation of

young children, aside from its categorization as criminal conduct in every civilized society with a cognizable criminal code, is widely viewed as one of the most, if not the most, reprehensible crimes in our society. Any offender disregarding this universal legal and moral reprobation demonstrates such a lack of restraint that the risk of recidivism must be viewed as considerable.

{¶17} Moreover, there is a high potential of recidivism among sex offenders whose crimes involve young children. *Id.*

{¶18} The trial court also considered appellant's age and prior criminal record. "[A]n offender's age and prior criminal record are important factors to consider when determining an offender's risk of recidivism." *State v. Stanley*, 10th Dist. No. 00AP-1230 (July 12, 2001). The legislature requires the trial court to consider all offenses without limiting the consideration to only prior sexually oriented offenses.

{¶19} Appellant argues that these offenses occurred more than ten years before the sentencing and that is a factor which indicates appellant is not likely to re-offend. However, other counts of the indictment included offenses that occurred for several more years. This court has held that "when considering whether [a defendant] should be adjudicated a sexual predator, the trial court could consider evidence aside from that related exclusively to the crimes for which he was convicted." *State v. Raver*, 10th Dist. No. 02AP-604, 2003-Ohio-958, ¶ 53, citing *Cook.* In *Raver*, this court stated that when considering whether a defendant is a sexual predator, the trial court could consider the victim's accusations that the defendant had molested her on multiple occasions, even though the jury did not find this sufficient to convict the defendant on those charges. This court also stated that "[t]he commission of multiple sex offenses over a period of time could be taken to demonstrate that appellant suffers from a compulsion which will drive him in the future to commit similar sexual offenses." *Raver* at ¶ 53, citing *State v. Bartis*, 10th Dist. No. 97APA05-600 (Dec. 9, 1997), *aff'd*, 84 Ohio St.3d 9 (1998). *See also Chapmyn.*

{¶20} Finally, we note again, that there is no requisite number of factors the court must apply before finding a defendant to be a sexual predator and the trial court has discretion to determine the weight to be given to the factors. Even one or two

factors are sufficient as long as the evidence of likely recidivism is clear and convincing. *Chapmyn.*

{¶21} After carefully reviewing the record in this case, we find the record sufficiently supports the trial court's conclusion that appellee demonstrated by clear and convincing evidence that appellant is a sexual predator as defined in former R.C. 2950.01(E)(1).  Appellant's assignment of error is overruled.

{¶22}  For the foregoing reasons, appellant's assignment of error is overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

TYACK and DORRIAN, JJ., concur.

T. BRYANT, J., retired, formerly of the Third Appellate District, assigned to active duty under the authority of Ohio Constitution, Article IV, Section 6(C).