[Cite as *State v. Armor*, 2017-Ohio-396.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                             :

      Plaintiff-Appellee,              :                 No. 16AP-532
                                         (C.P.C. No. 87CR-860)
v.                                        :                 No. 16AP-533
                                         (C.P.C. No. 87CR-424)

John C. Armor,                            :

      Defendant-Appellant.            :                 (REGULAR CALENDAR)

---

D E C I S I O N

Rendered on February 2, 2017

---

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Steven L. Taylor*, for appellee.

**On brief:** *Todd W. Barstow*, for appellant. **Argued:** *Todd. W. Barstow*.

---

APPEALS from the Franklin County Court of Common Pleas

SADLER, J.

{¶ 1} Defendant-appellant, John C. Armor, appeals from the judgment entry of the Franklin County Court of Common Pleas classifying him as a sexual predator. For the following reasons, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} Appellant is a current inmate who has served nearly 30 years in prison for a multitude of aggravated robbery, burglary, and rape convictions in the 1980s. These convictions are hereafter grouped as "the 1982 cases" and "the 1987 cases" for ease of discussion.

{¶ 3} In the 1982 cases, appellant pleaded guilty to and was convicted of three counts of aggravated robbery arising from two cases. The trial court sentenced appellant

to 6 to 25 years incarceration, and, apparently, appellant was released on parole prior to 1986. In that year, appellant committed another string of aggravated burglaries, this time with allegations of kidnapping, rape, and gross sexual imposition.

{¶ 4} Specifically, in the first case identified in the present appeal, No. 87CR-424 (No. 16AP-533), appellant was indicted on February 10, 1987 on two counts of aggravated burglary, three counts of kidnapping, five counts of rape, two counts of gross sexual imposition, two counts of robbery, and one count of felonious assault. The indictment arose from events occurring on two days in 1986. Allegedly, during the first incident, appellant burglarized an occupied structure, kidnapped the occupants, raped the female occupant five times, and committed felonious assault against the male occupant. Regarding the second incident, appellant allegedly burglarized an occupied structure, kidnapped the occupant, and committed gross sexual imposition against her. All the counts included a specification that appellant had been convicted of aggravated robbery in 1982.

{¶ 5} In the second case identified in the present appeal, No. 87CR-860 (No. 16AP-532), appellant was indicted on March 19, 1987 on one count of aggravated burglary, one count of attempted aggravated burglary, one count of kidnapping, one count of rape, and one count of possession of criminal tools. The indictment alleged that the events occurred on one day in September 1986 and one day in January 1987. Regarding the first incident, the indictment alleged that appellant burglarized an occupied structure, kidnapped the occupant, and raped her. For the second incident, appellant allegedly attempted to commit aggravated burglary while in possession of a criminal tool. All the counts included a specification that appellant had been convicted of aggravated robbery in 1982.

{¶ 6} The trial court ordered Nos. 87CR-424, 87CR-860, and several other 1987 numbered cases consolidated for trial. On January 11, 1988, appellant entered guilty pleas on the cases. Appellant pleaded guilty to two counts of aggravated burglary and one count of rape for No. 87CR-424, one count of attempted aggravated burglary and one count of rape for No. 87CR-860, and three additional counts of aggravated burglary under the separate cases numbers. A nolle prosequi was entered on all remaining counts.

{¶ 7} The trial court imposed an aggregate sentence of 13 to 25 years incarceration on all counts. The sentencing entries for both cases do not state the effect of appellant's parole violation on the 1982 cases on his sentence in the 1987 cases. The record shows that the same trial court judge later indicated that because appellant was on parole from two 1982 cases at the time of the 1986-1987 offenses, appellant's sentence in the 1987 cases ran consecutively to his sentence for the 1982 cases for "a total of 19 – 50 years and a max date of 3-13-2031."[1] (Appellant's Apr. 24, 2001 Mot., Attachment F.)

{¶ 8} Appellant was incarcerated on January 20, 1988. The record indicates that appellant appeared before the parole board in September 1995, and the board denied parole and set the next review date for November 2020.

{¶ 9} From 2001 to 2015, the record reflects that the trial court continued a sexual predator classification hearing for appellant several times. On July 31, 2001, the trial court filed an entry ordering the convey of appellant from the prison to the court "for a Determination Hearing pursuant to [R.C.] 2950.09" on August 15, 2001, and the return of service on the warrant to convey indicates that appellant was transported to the county jail as of August 8, 2001. On August 15, 2001, a court entry states that the "HB 180 (Sexual Predator) Hearing" is continued until October 16, 2005. On December 12, 2005, the trial court filed an entry ordering the convey of appellant from the prison to the court for an R.C. 2950.09 determination hearing, but the return of service on the warrant to convey indicates that the warrant to convey was not executed and the H.B. No. 180 hearing was continued until January 13, 2006. On January 12, 2006, a return of service on a warrant to convey indicates that appellant was transported to the county jail as of January 11, 2006, and the H.B. No. 180 hearing was again continued until January 15, 2015.

{¶ 10} A criminal case processing sheet filed on May 10, 2016 states that the trial court scheduled an H.B. No. 180 hearing for appellant on June 2, 2016. The record shows that on June 2, 2016, the trial court appointed the original defense attorney in the

---

[1] Appellant opposed running the 1982 and 1987 sentences consecutively several times through previous legal challenges on the merits of his sentence, including a 2012 motion for leave to withdraw guilty plea, a 2001 motion for verification of sentence, and a 1996 motion to modify sentence. The motions were denied by the trial court. For purposes of the present appeals, appellant concedes that under previous law, his sentence for the 1987 cases runs consecutively to his sentence for the 1982 cases and argues he is currently serving the remainder of his sentences for the 1982 convictions.

underlying 1987 cases to represent appellant at the classification hearing and continued the hearing until June 22, 2016.

{¶ 11} The sexual predator classification hearing was ultimately conducted on June 22, 2016. Appellant attended the hearing and was represented by his original trial counsel. At the outset of the hearing, the trial court and counsel for both parties briefly spoke to the history of such hearings and the case at hand, noting that in about 2005, the Governor's office, through the Ohio Department of Rehabilitation and Correction ("ODRC"), began a series of requests to conduct sexual predator classification hearings. Counsel for both parties agreed that from the record they could not determine whether appellant already had an H.B. No. 180 sexual predator hearing, and appellant stated that he was brought in twice for hearings that were ultimately continued. Both parties agreed that the most expedient resolution would be to hold a hearing, and because no videotape of a previous hearing existed, the trial court judge proceeded with the hearing.

{¶ 12} Plaintiff-appellee, State of Ohio, presented seven exhibits constituting the court records from the two 1982 cases and the five 1987 cases. Appellee argued that based on these exhibits, the court could determine that under former R.C. 2950.09(B)(3), appellant's prior criminal record included seven separate cases that all involved offenses of violence and were all first-degree felonies except for one second-degree felony and that appellant committed the offenses underlying the 1987 cases while on parole from the 1982 cases. Appellee further argued that regarding R.C. 2950.09(B)(3)(d), appellant's sentences for sexually oriented offenses involved multiple victims: appellant pleaded guilty to and was sentenced in two cases for rapes of two separate victims.

{¶ 13} Counsel for appellant did not challenge these exhibits or present evidence. Rather, defense counsel indicated that appellant asked him to argue the position that the statute does not apply to him because he already served the sentence for the rape cases, the state "did not have a hearing in time," and, although he is still incarcerated, he is currently serving the sentence related to the 1982 parole violation. (Tr. at 11.)

{¶ 14} The trial court judge concluded that appellant qualified for classification as a sexual predator by clear and convincing evidence, reasoning:

> In looking at the factors pursuant to [R.C.] 2950.09, taking
> into consideration the offenses, the multiple sexual offenses,

> and the criminal history, also the fact that the victims had been threatened with a knife, according to the investigations performed by the Department of Rehabilitation and Corrections, I think the defendant would qualify as a sexual predator.

(Tr. at 13.)

{¶ 15} After the hearing, on June 29, 2016, a hearing notice for No. 87CR-424 addressed to appellant's former Columbus residence was returned to the clerk as not deliverable.

{¶ 16} Appellant filed a timely appeal to this court.

## II. ASSIGNMENTS OF ERROR

{¶ 17} Appellant presents three assignments of error:

> I. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY CLASSIFYING HIM AS A SEXUAL PREDATOR.
>
> II. INSUFFICIENT EVIDENCE WAS ADDUCED AT THE SEXUAL OFFENDER CLASSIFICATION HEARING TO SUPPORT THE FINDING THAT APPELLANT WAS A SEXUAL PREDATOR.
>
> III. APPELLANT'S TRIAL COUNSEL WAS INEFFECTIVE, THEREBY DENYING HIM HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL.

## III. DISCUSSION

### A. First Assignment of Error

{¶ 18} Under the first assignment of error, appellant asserts two reasons why the trial court erred to his prejudice by classifying him as a sexual predator. First, appellant contends that he was not given proper notice of the hearing. Second, appellant contends the trial court failed to determine if he is required to register as a sexual predator considering his sentence for the 1987 cases allegedly expired. For the following reasons, we disagree with both arguments.

{¶ 19} Regarding the first argument, at the hearing appellant did not object to a lack of notice. Thus, any error is waived unless the plain error doctrine applies. *State v. Madison*, 10th Dist. No. 06AP-1126, 2007-Ohio-3547, ¶ 31. As a civil proceeding, the

plain error doctrine is not favored and is reserved " 'only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself.' " *State v. Gowdy*, 88 Ohio St.3d 387, 398 (2000), quoting *Goldfuss v. Davidson*, 79 Ohio St.3d 116 (1997), syllabus.

{¶ 20} Notice is a prerequisite to conducting an H.B. No. 180 sexual offender classification hearing. *Gowdy* at 398-99. More specifically, "[d]efendants must have notice of the hearing in order to 'have an opportunity to testify, present evidence, call and examine witnesses and expert witnesses, and cross-examine witnesses and expert witnesses regarding the determination as to whether the offender is a sexual predator.' " *Id.* at 398, citing former R.C. 2950.09(B)(1).[2]

{¶ 21} However, a failure to give proper notice of the sexual offender classification hearing does not constitute reversible error in every circumstance. *State v. McFadden*, 10th Dist. No. 01AP-1476, 2003-Ohio-5027, ¶ 6, distinguishing *Gowdy*. An appellate court may consider the lack of an objection to notice at the sexual predator hearing as an indication that a defendant and his or her counsel received adequate notice of the hearing. *State v. Cate*, 8th Dist. No. 82985, 2004-Ohio-1107, ¶ 19-20; *State v. Smith*, 3d Dist. No. 3-2000-20 (Dec. 29, 2000). Furthermore, a judgment entry in the record showing that defense counsel was appointed in adequate time prior to the hearing supports a finding of notice. *Id.* (finding no plain error in notice of a sexual predator hearing where the record showed that defense counsel was appointed approximately one month prior to the hearing, no objection to notice was raised at the hearing, and the defendant never requested to present any additional evidence or argument to the court at the hearing).

---

[2] The parties apply former statutes under Ohio's Megan's Law in resolving this case. As stated in *State v. Howard*, 134 Ohio St.3d 467, 2012-Ohio-5738, ¶ 16-17, citing *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, and *In re Bruce S.*, 134 Ohio St.3d 477, 2012-Ohio-5696, "Ohio has, in effect, separate statutory schemes governing sex offenders depending on when they committed their underlying offense." *Howard* at ¶ 17. "Those who committed their offense before the effective date of the [Adam Walsh Act ("AWA")] are subject to the provisions of Megan's Law; those who committed their offense after the effective date of the AWA are subject to the AWA." *Id.* The AWA became effective January 1, 2008. Since appellant committed the underlying offenses in 1986 and 1987, we agree that provisions of Megan's Law apply here. *See*, *e.g.*, *State v. S.E.*, 10th Dist. No. 13AP-325, 2014-Ohio-413; *State v. Reed*, 10th Dist. No. 15AP-111, 2016-Ohio-1234, *discretionary appeal not allowed*, 146 Ohio St.3d 1418, 2016-Ohio-3390.

{¶ 22} Appellant cites to *Gowdy* in support of the argument that he did not have adequate notice of the hearing. In *Gowdy*, the trial court judge set a sentencing hearing without mentioning that the same proceeding would determine his sexual offender classification. The appellate court determined that the trial court erred in failing to give the notice required by former R.C. 2950.09(B)(1) but that the error did not prejudice the defendant. In reversing the appellate court, the Supreme Court of Ohio found that notice of a sentencing hearing generally is not sufficient notice of a sexual offender classification hearing and that the defendant received no notice of the sexual offender hearing, either orally or in writing. Thus, the Supreme Court held that even though defense counsel did not formally object to a lack of notice at the hearing, the facts of the case involved such exceptional circumstances to constitute plain error.

{¶ 23} Here, several facts distinguish this case from *Gowdy*. An entry in the record shows that the trial court appointed defense counsel on June 2, 2016, nearly three weeks prior to the hearing and specifically states the appointment is to represent appellant for purposes of an H.B. No. 180 hearing. The record reflects that both appellant and his counsel were present at the hearing, and appellant does not contend he did not know about the sexual predator hearing. Neither appellant nor his counsel made any objection to the hearing proceeding on that date, and appellant did not ask to testify or request to gather or present additional evidence. Rather, appellant advanced the argument that the relevant sexual predator statute was inapplicable to him altogether. Considering the circumstances of this case, we find that the error in notice alleged by appellant does not involve "exceptional circumstances" for the civil plain error doctrine to apply. *Goldfuss* at syllabus.

{¶ 24} Appellant's second argument under this assignment of error asserts that the trial court failed to determine if he is required to register as a sexual predator considering he may have already served his sentence for the 1987 cases. Appellant contends that the record is not clear as to the order in which appellant is serving his sentences but that the "timing issue could be significant due to an anomaly in Megan's Law," as stated in *State v. Taylor*, 100 Ohio St.3d 172, 2003-Ohio-5452. (Appellant's Brief at 4.)

{¶ 25} In *Taylor*, the Supreme Court addressed whether two appellants, Taylor and Wilson, who were already determined to be sexual predators, had to register as such

pursuant to former R.C. 2950.04. Both appellants were convicted of sex crimes in the 1970s, released from prison, and later convicted of nonsexual offenses. Taylor was released from prison again in 2000, and while Wilson remained incarcerated, the state pursued an R.C. 2950 sexual predator determination hearing. The Supreme Court found that even though the appellants had been adjudicated as sexual predators, neither Taylor nor Wilson were required to register because the plain language of R.C. 2950.04 did not require sexually oriented offenders who were confined pursuant to a sexually oriented offense and released from that confinement prior to July 1, 1997 (the effective date of the statute) to register.

{¶ 26} Aside from appellant's waiver of this issue[3] and the distinctions between *Taylor* and the facts of this case in which appellant concedes he has never been released from confinement, appellant fails to explain how this registration "anomaly" would impact his sexual predator classification—the question posed by the assignment of error. As stated in *Taylor*, "adjudication as a sexual predator is distinct from the duty to register." *Id.* at ¶ 10. A court of appeals must resolve an appeal "on its merits on the assignments of error set forth in the briefs under App.R. 16." App.R. 12(A)(1)(b). As such, appellate courts generally do not address arguments unrelated to resolving the assignment of error. *Hetrick v. Dept. of Agriculture*, 10th Dist. No. 15AP-944, 2017-Ohio-303, ¶ 19; *Huntington Natl. Bank v. Burda*, 10th Dist. No. 08AP-658, 2009-Ohio-1752, ¶ 21, citing App.R. 12(A)(1)(b) (stating that "a court of appeals shall * * * [d]etermine the appeal on its merits on the assignments of error set forth in the briefs"). Therefore, because appellant's argument regarding registration does not impact the assignment of error, it falls outside our scope of review and we decline to address it. App.R. 12(A)(1)(b).

{¶ 27} Accordingly, for all the above reasons, appellant's first assignment of error is overruled.

---

[3] Appellant acknowledges that this argument regarding registration is distinct from the argument trial counsel raised at the hearing. As stated in the facts, appellant argued at the hearing that because he (allegedly) completed serving the sentence for the rapes, the sexual predator classification statute did not apply to him. At the hearing, appellant did not object to registration as a result of the sexual predator classification as a result of *Taylor*.

## B. Second Assignment of Error

{¶ 28} Under the second assignment of error, appellant challenges the evidence supporting the trial court's sexual predator classification finding. For the following reasons, we disagree with appellant's argument.

{¶ 29} In order for an offender to be designated a sexual predator under former R.C. 2950.09 (Megan's Law), the state must prove by clear and convincing evidence that (1) the offender has been convicted of a sexually oriented offense, and (2) that the offender is likely to engage in the future in one or more sexually oriented offenses. Former R.C. 2950.01(E); *State v. S.E.*, 10th Dist. No. 13AP-325, 2014-Ohio-413, ¶ 6.

{¶ 30} To determine whether an offender is likely to reoffend, the trial court must consider all relevant factors, including, but not limited to, those factors enumerated in former R.C. 2950.09(B). These statutory factors include: the offender's age, the offender's prior criminal record regarding all offenses, the age of the victim, whether the sexually oriented offenses involved multiple victims, whether the offender used drugs or alcohol to impair the victim, if the offender's previous convictions involved a sex offense and whether the offender participated in available programs for sex offenders, mental illness or mental disability of the offender, whether the nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse, whether the offender displayed cruelty or made one or more threats of cruelty during commission of the offense, and any additional behavioral characteristics that contribute to the offender's conduct. Former R.C. 2950.09(B)(3).

{¶ 31} "No requisite number of these factors must apply before a court finds an offender to be a sexual predator, and the trial court may place as much or as little weight on any of the factors as it deems to be appropriate." *State v. Reed*, 10th Dist. No. 15AP-111, 2016-Ohio-1234, ¶ 8, *discretionary appeal not allowed*, 146 Ohio St.3d 1418, 2016-Ohio-3390, citing *State v. Walker*, 10th Dist. No. 04AP-1107, 2005-Ohio-3540, ¶ 10; *State v. Fears*, 10th Dist. No. 04AP-1164, 2005-Ohio-2960, ¶ 6. Thus, "even one or two of the factors are sufficient as long as the evidence of likely recidivism is clear and convincing." *Reed* at ¶ 8, citing *State v. McDonald*, 10th Dist. No. 03AP-853, 2004-Ohio-2571, ¶ 8. *See also S.E.* at ¶ 10.

{¶ 32} This court recently set out the appellate standard of review in this context as follows:

> An appellate court's review of a sexual predator determination must include a review of the record to determine whether the trier of fact had sufficient evidence before it to satisfy the clear and convincing standard. *State v. Williams*, 10th Dist. No. 02AP-35, 2002-Ohio-4503, ¶ 90. " 'Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases.' " *State v. Eppinger*, 91 Ohio St.3d 158, 164, 2001-Ohio-247, 743 N.E.2d 881 (2001), quoting *Cross v. Ledford*, 161 Ohio St. 469, 477, 120 N.E.2d 118 (1954). This court will not reverse a trial court's sexual predator judgment as being against the manifest weight of the evidence if there exists some competent, credible evidence going to all the essential elements of the case to support that judgment. *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, ¶ 32, 865 N.E.2d 1264.

*Reed* at ¶ 9 (citing to *State v. Evans*, 10th Dist. No. 07AP-605, 2008-Ohio-2422, ¶ 20, for its holding that trial court did not err in classifying appellant as a sexual predator). *See also State v. Van Buskirk*, 8th Dist. No. 101221, 2014-Ohio-5551, ¶ 14-16 (applying civil manifest weight standard articulated in *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, ¶ 32, in affirming sexual predator determination finding).

{¶ 33} Under this assignment of error, appellant does not dispute that he was convicted of a sexually oriented offense; rather, appellant challenges the alleged lack of evidence presented at the hearing showing that he was likely to commit other sexually oriented offenses. In doing so, appellant invokes the sufficiency and weight of the evidence and specifically argues that the evidence presented at the instant hearing fell short of the model procedure set forth in *State v. Eppinger*, 91 Ohio St.3d 158 (Mar. 28, 2001).

{¶ 34} In *Eppinger*, the trial court determined the defendant, who stood convicted of one sexually oriented offense involving a single adult victim, should be classified as a sexual predator. *Id.* at 163, 165. The Supreme Court found that the trial court abused its

discretion in denying the defendant's request for an expert witness and in essentially adjudicating the defendant a sexual predator on the basis of the court's own recollection of the nature of the sexual conduct in the defendant's one prior conviction. The Supreme Court noted that "under certain circumstances, it is possible that one sexually oriented conviction alone can support a sexual predator adjudication" but that the "scant" evidence presented at that particular sexual offender classification hearing fell short of establishing by clear and convincing evidence that the defendant was likely to engage in one or more sexually oriented offenses in the future. *Id.* at 167.

{¶ 35} Within the opinion, the court set forth a "model" hearing "suggesting standards" to aid trial and appellate courts:

> In a model sexual offender classification hearing, there are essentially three objectives. First, it is critical that a record be created for review. Therefore, the prosecutor and defense counsel should identify on the record those portions of the trial transcript, victim impact statements, presentence report, and other pertinent aspects of the defendant's criminal and social history that both relate to the factors set forth in R.C. 2950.09(B)(2) and are probative of the issue of whether the offender is likely to engage in the future in one or more sexually oriented offenses. If the conviction is old, as in this case, the state may need to introduce a portion of the actual trial record; if the case was recently tried, the same trial court may not need to actually review the record. In either case, a clear and accurate record of what evidence or testimony was considered should be preserved, including any exhibits, for purposes of any potential appeal.
>
> Second, an expert may be required, as discussed above, to assist the trial court in determining whether the offender is likely to engage in the future in one or more sexually oriented offenses. Therefore, either side should be allowed to present expert opinion by testimony or written report to assist the trial court in its determination, especially when there is little information available beyond the conviction itself. While providing an expert at state expense is within the discretion of the trial court, the lack of other criteria to assist in predicting the future behavior of the offender weighs heavily in favor of granting such a request.
>
> Finally, the trial court should consider the statutory factors listed in R.C. 2950.09(B)(2), and should discuss on the

> record the particular evidence and factors upon which it relies in making its determination regarding the likelihood of recidivism. See *State v. Thompson, supra.* See, also, *State v. Russell*, 1999 Ohio App. LEXIS 1579 (Apr. 8, 1999), Cuyahoga App. No. 73237, unreported, 1999 WL 195657; *State v. Casper*, 1999 Ohio App. LEXIS 2617 (June 10, 1999), Cuyahoga App. Nos. 73061, 73064, 73062 and 73063, unreported, 1999 WL 380437.
>
> We are cognizant of our statement in *State v. Cook, supra*, that R.C. 2950.09 does not require the court to list all criteria, but only to consider all relevant factors in making its findings. *Id.*, 83 Ohio St. 3d at 426, 700 N.E.2d at 587.

*Id.* at 166.

{¶ 36} Appellant's comparison of the evidence presented at his hearing to the model described by *Eppinger* does not result in reversible error on the present facts. *Eppinger* expressly poses such a model as a suggestion. *Id.* at 166; *State v. Allen*, 1st Dist. No. C-050010, 2006-Ohio-2338, ¶ 52 (discussing that "[w]hile courts are encouraged to follow the model, the failure of a trial court to strictly adhere to the three requirements of the 'model hearing' described in *Eppinger* does not, per se, result in reversal upon appeal"); *State v. Druckenmiller*, 3d Dist. No. 3-04-03, 2004-Ohio-6485, ¶ 11.

{¶ 37} Furthermore, since *Eppinger*, this court has repeatedly held that even one or two of the factors are sufficient as long as the evidence of likely recidivism is clear and convincing. *Reed* at ¶ 8; *McDonald* at ¶ 8; *S.E.* at ¶ 10. In this case, the trial court expressly stated that it looked at the statutory factors pursuant to R.C. 2950.09. Aside from the ODRC investigation information that is outside of the record and that both parties agree we should disregard, the trial court referenced at least two statutory factors: appellant's criminal record pursuant to former R.C. 2950.09(B)(3)(b), which includes all prior offenses including but not limited to all sexual offenses, and that more than one victim was involved pursuant to former R.C. 2950.09(B)(3)(d).

{¶ 38} Based on this record, we find that the state established by clear and convincing evidence that appellant was likely to commit another sexually oriented offense. Appellant's criminal record, including his several sexual offenses, and the multiple victims involved are considerations that constitute competent, credible evidence

to support the trial court's conclusion that appellant is likely to commit future sex offenses. Former R.C. 2950.09(B)(3)(b) and (d); *State v. Bruton*, 8th Dist. No. 86308, 2006-Ohio-807, ¶ 9 (finding that the trial court had sufficient evidence to label the offender a sexual predator where the trial court considered the offender's prior criminal record and that the sexually oriented offenses were committed against multiple victims while the offender was on community control). *See also Eppinger* at 162 (emphasizing the distinction between its own defendant who committed "*one* sexually oriented offense" and those defendants whose have several sexually oriented convictions involving multiple victims in determining the likelihood of recidivism) (Emphasis sic.); *State v. McCoffin*, 10th Dist. No. 00AP-468 (Dec. 21, 2000), quoting *State v. Johnson*, 10th Dist. No. 97APA12-1585 (Sept. 24, 1998) (finding that "past behavior is often an important indicator of future propensity," and a defendant may be adjudicated a sexual predator based on the facts of the crime itself). As a result, the trial court did not err in classifying appellant as a sexual predator.

{¶ 39} Accordingly, appellant's second assignment of error is overruled.

### C. Third Assignment of Error

{¶ 40} Under the third assignment of error, appellant contends that his trial counsel was ineffective thereby denying him the right to effective assistance of counsel. We disagree.

{¶ 41} Although civil in nature, former R.C. 2950.09(B)(1) affords a defendant the right to effective assistance of counsel. *State v. Furlong*, 10th Dist. No. 00AP-637 (Feb. 6, 2001). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial [court] cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). "To establish a claim of ineffective assistance of counsel, a defendant must show that the performance of trial counsel was deficient and that the deficient performance prejudiced him." *State v. Frye*, 10th Dist. No. 14AP-988, 2015-Ohio-3012, ¶ 11, citing *Strickland* at 687.

{¶ 42} To demonstrate that counsel's performance was deficient, the defendant must show that counsel made errors so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment. *State v. Canada*, 10th Dist. No. 14AP-523,

2015-Ohio-2167, ¶ 89; *State v. Murphy*, 91 Ohio St.3d 516, 524 (2001) ("To prevail on such a claim, a defendant must show that counsel's actions were professionally unreasonable."). In doing so, the defendant must overcome the strong presumption that counsel's performance was adequate or that counsel's actions might be considered sound trial strategy. *Canada* at ¶ 90. *State v. Maxwell*, 139 Ohio St.3d 12, 2014-Ohio-1019, ¶ 180, quoting *State v. Elmore*, 111 Ohio St.3d 515, 2006-Ohio-6207, ¶ 116 (" 'Debatable trial tactics generally do not constitute ineffective assistance of counsel.' "). Furthermore, a court of appeals will not infer that trial counsel failed to investigate where the record on appeal does not indicate the extent of counsel's pretrial investigation. *Columbus v. Oppong*, 10th Dist. No. 15AP-1059, 2016-Ohio-5590, ¶ 29.

{¶ 43} To demonstrate that the deficient performance prejudiced him, the defendant must prove that there exists a reasonable probability that, but for counsel's errors, the result of the trial would have been different. *Strickland* at 694. Conjectural evidence—predictions about what evidence could possibly be without a basis in the record—does not support a showing of prejudice to establish a claim of ineffective assistance of counsel. *Oppong* at ¶ 35.

{¶ 44} The failure to make either the deficiency or prejudice showing defeats a claim of ineffective assistance of counsel. *Frye* at ¶ 11, citing *Strickland* at 697. Thus, "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. * * * If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Strickland* at 697.

{¶ 45} Appellant argues that his trial counsel was deficient because he failed to properly investigate and present mitigating evidence to challenge his classification as a sexual predator. Appellant compares his trial counsel's actions with those model actions suggested in *Eppinger*, discussed above in the second assignment of error. *Id.* at 166. Appellant does not argue that trial counsel was ineffective for not establishing whether appellant had completed serving his sentence for the rapes and, as discussed in the first assignment of error, not objecting to a lack of notice of the hearing or objecting to registration requirements. Furthermore, appellant argues that the second *Strickland*

prong, prejudice, is satisfied because "[h]ad counsel followed elementary defense tactics, Appellant would have received a fair hearing and a reasonable probability exists that the hearing's outcome would have been different."  (Appellant's Brief at 13.)

{¶ 46} Appellant does not set forth, and the record does not show, what information trial counsel's investigation would have revealed and whether such information could have aided appellant.  As such, on this record, we cannot conclude that there was a reasonable likelihood of a different outcome had trial counsel taken appellant's suggested actions.  *Oppong* at ¶ 35.  Therefore, appellant has not demonstrated that due to the alleged deficient performance, there exists a reasonable probability that, but for counsel's errors, the result of the hearing would have been different.  Because appellant failed to meet his burden under the prejudice prong of *Stickland*, appellant's claim of ineffective assistance of counsel necessarily fails.  *Frye* at ¶ 11, citing *Strickland* at 697.

{¶ 47} Accordingly, appellant's third assignment of error is overruled.

## IV.  CONCLUSION

{¶ 48} Having overruled appellant's three assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

DORRIAN and HORTON, JJ., concur.

_____